DILLINGHAM CORPORATION, a Hawaii Corporation, doing business as Pacific Shipyard, Plaintiff,

v.

FISHING VESSEL IRENE OF SEATTLE, WASHINGTON, OFFICIAL NO. 100777, OIL SCREW, her engines, boilers, etc., and William T. Marks and Joyce Marks, husband and wife, Defendants,

and

Erick E. Johanson, d/b/a Everett Yacht Sales, Plaintiff-Intervenor.

No. C75–388S.

United States District Court, W. D. Washington.

July 2, 1975.

Martin P. Detels, Jr., Seattle, Wash., for plaintiff.

Eleanor H. Edwards, Seattle, Wash., for defendants.

Douglas M. Fryer, Seattle, Wash., for intervenor.

## ORDER

BEEKS, District Judge.

Plaintiff brought this action *in rem* against the IRENE and *in personam* against Marks to enforce a preferred ship mortgage. The vessel, pursuant to an order of this Court, is under arrest in accordance with Fed.R.Civ.P. Supplemental Rule E(4)(b). No answer or claim of ownership has been filed.

Peerless Insurance Company, surety on a bond given to secure release of the IRENE when it was arrested in a previous *in rem* action before this Court,[1] now seeks to intervene herein. Upon the grant of summary judgment for the plaintiff in the previous action, and in satisfaction thereof, Peerless was required to pay and did pay the sum of $1,994.60. By intervention herein, Peer-

---

1. *Emerson G. M. Diesel, Inc. v. M/V IRENE et al.*, C75–14S (W.D.Wash. Feb. 27, 1975).

less seeks to recover that amount through participation in the proceeds of the sale of the vessel should that ensue.

Plaintiff opposes intervention on the ground that Peerless, not possessing a maritime lien, is without standing to pursue its claim against the vessel or against the proceeds of a sale thereof. Indeed, as compensated surety on a bond given for release of the vessel in a prior action, Peerless did not acquire a maritime lien against the vessel when it satisfied the judgment in accordance with the terms of the bond. Its present claim is not of the kind enforceable *in rem*.

Although creditors not possessing maritime liens have been admitted to participate in surplus sale proceeds under certain circumstances,[2] sureties such as Peerless have not enjoyed such favored status. As stated in 2 *Benedict* § 376 at 618 (6th ed. 1940):

"Sureties who pay a decree against their principal are subrogated to the rights of the creditor in personam. The stipulation for value or for release discharges the vessel from the lien which cannot thereafter be asserted by the original lienor nor by subrogation to his rights. When, therefore, the proceeds of the vessel form a fund in court, sureties who have paid a decree do not stand in the position of parties who have a lien against the fund."[3]

■ Insofar as Peerless does not hold a maritime lien and is thus without the class of creditors normally entitled to participate in the proceeds of a judicial sale in admiralty, the question presented is whether Peerless holds a vested interest[4] or other unusual equity[5] that would justify this Court in extending its traditional jurisdiction over distribution of the proceeds to include Peerless' claim, and thus place Peerless in a favored position with regard to other general creditors of the individual defendants herein.[6]

■ I am compelled to find that there are no special circumstances present in this case that would justify elevation of Peerless' claim above those of other general creditors. When it contracted as surety in the previous case, Peerless was in a position to require whatever security it deemed necessary for issuance of the bond. Peerless must be limited to whatever remedies it enjoys at law. The admiralty court is of limited jurisdiction and is designed to meet a specialized need. It is neither authorized nor equipped to adjudicate the claims of non-maritime lienors: those claims are more properly dealt with in the state courts, on the law side of this court if jurisdiction exists, or, where necessary, in the bankruptcy court.[7] Although extenuating circumstances may, at times, justify limited extension of the admiralty jurisdiction to claims of a non-maritime origin, such circumstances are not extant in this case.

Accordingly, the motion of Peerless Insurance Company to intervene is denied.

---

2. *See, e. g., Veverica v. Drill Barge Buccaneer No. 7*, 488 F.2d 880 (5th Cir. 1974).

3. *See also The Willamette Valley*, 76 F. 838 (N.D.Cal. 1896).

4. *See The Lottawanna*, 21 Wall. 558, 88 U.S. 558, 22 L.Ed. 654 (1875).

5. *See, e. g., Veverica v. Drill Barge Buccaneer No. 7*, 488 F.2d 880 (5th Cir. 1974).

6. The record does in fact suggest that there are other creditors of defendants Marks who would be prejudiced by allowing Peerless to participate in the proceeds of the sale of the vessel.

7. *See The Willamette Valley*, 76 F. 838 (N.D.Cal. 1896).